UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 13-1969

———————

DISCOVERY COMMUNICATIONS, LLC,

             Plaintiff - Appellant,

    v.

COMPUTER SCIENCES CORPORATION,

             Defendant - Appellee.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Deborah K. Chasanow, Chief District Judge.  (8:12-cv-02894-DKC)

———————

Submitted:  March 31, 2014              Decided:  May 1, 2014

———————

Before KEENAN and WYNN, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Christine Nicolaides Kearns, PILLSBURY WINTHROP SHAW PITTMAN LLP, Washington, D.C., for Appellant.  M. Carter DeLorme, JONES DAY, Washington, D.C., for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Discovery Communications, LLC ("Discovery") appeals the district court's order granting Computer Sciences Corporation's ("CSC") motion to dismiss its complaint, in which it alleged that CSC tortiously interfered with its employment contract with its chief accounting officer, for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Finding no error, we affirm.

We review de novo the district court's dismissal for failure to state a claim under Rule 12(b)(6). Sec'y of State for Defence v. Trimble Navigation, Ltd., 484 F.3d 700, 705 (4th Cir. 2007). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

To state a claim for tortious interference with contract in Maryland, a plaintiff must allege: "(1) existence of a contract between plaintiff and a third party; (2) defendant's knowledge of that contract; (3) defendant's intentional interference with that contract; (4) breach of that contract by

2

the third party; and (5) resulting damages to the plaintiff." Fowler v. Printers II, Inc., 598 A.2d 794, 802 (Md. Ct. Spec. App. 1991). "It is the successful interference that is the tort, not the breach of the contract. The latter is but proof of the former." Lake Shore Investors v. Rite Aid Corp., 461 A.2d 725, 730-31 (Md. Ct. Spec. App. 1983) (internal footnote omitted).

On review, we conclude that the district court properly dismissed the complaint for failure to state a claim. In the complaint, Discovery alleged the existence of an employment contract between it and Thomas Colan, that Colan materially breached the agreement by terminating his employment with Discovery prior to the expiration of the contract term, and that it sustained damages. Discovery further alleged that it put CSC on notice of the employment agreement after CSC offered Colan employment but before the effective date of Colan's resignation. Significantly, Discovery failed to allege that CSC intentionally interfered with the employment agreement between the date Discovery put CSC on notice of the contract and Colan's breach of the agreement. Discovery's complaint alleges that CSC's intentional interference was the act of employing Colan, but that act occurred after Colan's resignation. Discovery did not allege that CSC took any earlier actions after being informed of Colan's contract with Discovery that constituted

3

intentional interference. Thus, Discovery failed to sufficiently allege a claim for tortious interference against CSC.

Discovery further claims that the district court should have sua sponte granted leave to amend the complaint. We review for abuse of discretion the district court's denial of a motion for leave to amend the complaint. Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010). Discovery did not, however, move to amend its complaint in the district court, and the court's failure "to grant a motion that was never properly made" cannot constitute an abuse of discretion. Cozzarelli v. Inspire Pharm., Inc., 549 F.3d 618, 630-31 (4th Cir. 2008). Thus, we conclude that the district court did not err in failing to grant leave to amend sua sponte.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4